---

(Hamilton County Common Pleas Court.)
THE STATE OF OHIO, on the relation of the CINCINNATI GAS LIGHT & COKE CO., v. JOHN HAGERTY.

---

*Taxes — Overpayment in consequence of clerical error of Auditor—Right to refunder—Sec. 1038 R. S.—*

Where the official returns of the various equalizing, reviewing and revising boards show that one against whom taxes have been assessed has paid taxes too great in amount, the law authorizes the Auditor to make the current duplicate correspond with those returns, and to issue a refunder and remitter for that year; and for the preceding years it is the Auditor's duty to certify to the County Commissioners the fact of the payment of taxes erroneously charged.

While it is well settled that taxes voluntarily paid can not be recovered from the tax collecting officer, the tax-payer may indirectly reclaim his money (where the payment has been made by reason of an error in the Auditors' office) by requiring the Auditor to do that which the law makes it his duty to do.

---

HOLLISTER J.

The case was heard on demurrer to the petition, and raises the question whether or not on the facts alleged the relator is entitled to a refunder of certain taxes paid for the year 1895, and a remitter of certain taxes for 1895, payable in June 1896, and to a certificate from the Auditor to the County Commissioners that taxes for the years 1891, 1892, 1893 and 1894 have been erroneously paid by the relator.

It appears from the petition that in June, 1891, the relator "listed and returned for taxation the several pieces of real estate belonging to it and necessary to its daily operation, and by mistake returned the same with the same values set opposite each tract or parcel of real estate as had been returned" by it "for the four years preceding the year 1891, but which values were far in excess of the true and proper values as finally fixed and reported to said Auditor late in said year 1891, by the Board of Revision and the County Board of Equalization sitting and

acting as the Decennial City and Decennial County Boards of Equalization respectively. But said values were equalized and ascertained too late for the relator to include and affix in its regular personal property return."

And the relator alleges that in 1893, it presented a statement of these facts to the Auditor, with the request that he call the attention of the County Commissioners thereto; but that the Auditor, although aware of the facts and admitting their correctness, refused and still refuses to certify to the Commissioners 'that the relator had been erroneously charged with and had paid taxes which it ought not to have paid.

And it is alleged that for 1892, 1893, 1894 and 1895 the relator's several returns were reduced by the proper boards having jurisdiction of such matters; but that it has failed to get the benefit of such reductions, but has paid each year, excepting the taxes for the last half of 1895, payable in June, 1896, the full tax on the entire valuation returned by it; and that in March, 1896, it presented a claim in writing to the Auditor for the excess paid in each year, amounting in the aggregate to $11,219.06, and requested that he call the attention of the County Commissioners thereto; but that he, although admitting the truth of the facts, refused and still refuses to do so, and refuses to issue a refunder for the taxes for the first half of 1893 and a remitter for the last half of that year.

And the relator prays that an order issue commanding the Auditor to do that which the law requires him to do.

Section 1038 Revised Statutes, makes it the duty of the auditor to "correct all errors which he discovers in the tax list and duplicate, either in the name of the person charged with taxes or assessments, the description of lands and other property, or when property exempt from taxation has been charged with tax, or in the amount of such taxes or assessments." The kind of errors which he may correct are those which may be and are classed as "clerical" in contradistinction to such errors as are fundamental in their nature. The courts have not undertaken to enumerate every error which might arise and thus make a rule which would be applicable to every case as is arises. They could not in the nature of things, with safety, do so; but as each case has arisen they have determined whether or not the error complained of was clerical or fundamental, and if the former have granted relief. It has been decided several times that where the error is patent from the books, papers and plats in the Auditor's possession, it is a clerical error. The official returns of the various equalizing, reviewing and revising boards show that the relator paid taxes too great in amount; hence the law authorizes the Auditor to make the current duplicate (1895) correspond with those returns by making the necessary notations on its margin, and to issue a refunder and remitter for that year, and for the four preceding years it is his duty to certify to the Commissioners the

fact of the payment of taxes erroneously charged.

But the County Solicitor earnestly contends, in behalf of the Auditor, that the relator voluntarily paid the taxes, and cannot have the relief prayed for under the rule that taxes voluntarily paid can not be recovered.

This is the ruling; but an examination of all the cases in Ohio and many elsewhere in which that rule is followed, discloses the fact that it has been and is applied only to cases in which it was sought to recover taxes so paid from the tax collecting officer, as, for instance,, the County Treasurer in this state. But that is not analogous to cases where under express statutory authority the Auditor is given the power, and has the duty enjoined on him to correct errors in his records which have caused the payment of too great taxes by tax payers, and of certifying to the County Commissioners that the tax payer by reason of such errors has paid too large an amount for the four years preceding the discovery of the error. On the one hand the tax payer can not recover by action against the collecting officer the amount of taxes voluntarily paid by him. On the other hand, if such payment is made by reason of clerical error in the Auditor's office, the tax payer may indirectly reclaim his money by requiring the Auditor to do that which the law makes it his duty to do.

The prayer of the petition is granted.

Miller Outcalt for the relator; Fred S. Spiegel, for the Auditor.